IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA HOSPITAL & HEALTH CARE EMPLOYEES – DISTRICT 1199C TRAINING AND UPGRADING FUND, et al. | : : : : |
| Plaintiffs, | : : |
| v. | :    CIVIL ACTION : : : : : : : : : |
| | No. 23 - 1541 |
| COOPER CARE LLC, D/B/A RIVERFRONT REHABILITATIONAND HEALTH CARE CENTER | |
| Defendant. | |

**McHugh, J.**                                                                                                   **September 8, 2023**

**MEMORANDUM**

I.     **Factual Background**

This is an action brought by Philadelphia Hospital & Health Care – District 1199C Training and Upgrading Fund ("Fund") and its Executive Director against Cooper Care LLC d/b/a Riverfront Rehabilitation and Health Care Center ("Cooper Care LLC") seeking to enforce the terms of a collective bargaining agreement ("Agreement") following Cooper's failure to pay required contributions to the Fund.[1]  A default was entered by the Clerk on July 7, 2023, ECF 10, and Plaintiffs now move for the entry of judgment, supported by appropriate documentation, a sworn declaration, and an affidavit from counsel.  ECF 11.  My review of the record confirms that Defendant was properly served with the Amended Complaint in this action and the pending motion, and Defendant has made no response within the time allowed.

---

[1] Jurisdiction exists pursuant to 29 U.S.C. § 1132(e)(2).

**II.** **Discussion**

"When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (2d ed.)). It therefore remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Int'l Union of Operating Engineers v. N. Abbonizio Contractors, Inc.,* 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (4th ed.)).

Plaintiffs have sufficiently alleged a breach of contract claim against the Defendant. Under Pennsylvania law, "[i]t is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract, and (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (cleaned up). Plaintiffs have pleaded and attached to the Amended Complaint a valid contract. The contract requires periodic contributions, and Plaintiffs have by declaration established the amount of the breach. In addition to sufficiently alleging a breach of contract claim, Plaintiffs have stated a claim for violation of Section 515 of the Employee Retirement Income Security Act (ERISA), which provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

In addition to ascertaining that Plaintiffs' Amended Complaint constitutes a legitimate cause of action, I must also exercise my discretion in deciding whether it is appropriate to grant default judgment against the Defendant pursuant to Rule 55(b) for failing to answer the Amended Complaint. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). In exercising its discretion, the Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000).

In this case, the Plaintiffs would be prejudiced if this default is denied. Defendant had a contractual duty to submit monthly contributions and failed to pay the contributions to the Fund for its employees' training benefits. There would not appear to be any colorable basis on which to defend against such a clear contractual breach. And as to culpability, there is no apparent reason for Defendant's failure to enter an appearance or file an answer in this matter after being lawfully served with the summons and Amended Complaint.

**III.    Remedy**

Pursuant to the Agreement, the Defendant is required to submit remittance reports and pay contributions to the Fund for time worked by or wages paid to its employees covered under the Agreement. It sets the rate of contribution and the method for calculating the total amount of contributions due to the Fund, and the time period within which such contributions are to be paid. Article 26 of the Agreement provides for the payment of monthly contributions to the Fund based

3

upon 1.5% of the gross wages of employees covered under the terms of the Agreement. Contributions are due no later than thirty days following the month in which the contributions were accrued. Thus, contributions earned from March 1 to March 31 were due by April 30th. 29 U.S.C. § 1145 provides that "[e]very Employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with . . . such agreement."

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2). Section 502(g)(2) provides for the mandatory award of the following if a judgment under Section 515 is entered in the Fund's favor:

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of:

  (i)  interest on the unpaid contributions; or

  (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),

(D)  reasonable attorney's fees and costs of the action, to be paid by the Defendant, and;

(E)  such other legal or equitable relief as the court deems appropriate.

As Plaintiffs aptly note, Defendant's failure to comply with its contractual and statutory obligations results in a substantial adverse impact on the Fund, because the Fund is expressly obligated by ERISA to provide benefits to the Defendant's employees who are otherwise eligible to receive them. 29 C.F.R. 2530-200b2(a)(1), (2); *Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.*, 511 F. Supp. 38, 42 (D. Minn. 1980), aff'd sub nom, *Central*

*States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Defendant, Inc.*, 642 F. 2d 1122 (8th Cir. 1981). If an employee is enrolled in a training program, the Fund must continue to provide the benefits throughout the semester regardless of payment by the employer.

Here, Plaintiffs have adequately established a legal entitlement to recover and appropriately document damages. In addition to the outstanding contributions owed, Plaintiffs' judgment will include attorneys' fees and costs, plus liquidated damages and interest on the delinquent contributions. Section 1132(g)(2) of ERISA provides for an award of interest, liquidated damages, and attorneys' fees and costs. In *United Retail & Wholesale Employees Teamsters Union Local No. 115 Pension Plan v. Yahn & McDonnell, Inc*., 787 F. 2d 128, 135 (3d Cir. 1986), the Third Circuit held that "in successful actions for delinquent payments, attorneys' fees are no longer discretionary," and that attorneys' fees, costs and liquidated damages are mandatory if delinquent contributions are awarded to the Plaintiffs. Plaintiffs are therefore entitled to the interest and attorneys' fees and costs, both under the Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

Interest, calculated from the date contributions were due until August 1, 2023, totals $671.31. Liquidated damages, calculated at ten percent (10%) of the total delinquency, amount to $ $300.50. The Fund also asserts that it incurred $2,866.25 in attorneys' fees of $2,380.00 and costs of $486.25 through July 31, 2023, and upon review I conclude that these amounts are fair and reasonable.

Under the terms of the Agreement, Plaintiffs are also entitled to demand an audit of the Defendant's records. In *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc*., the United States Supreme Court held that trustees of a fringe benefit fund have a common law right to an audit of an employer's payroll books and records in order to determine and pursue all money owed the trust. 472 U.S. 559, 570-74 (1985). Such an audit was requested due to the Defendant's failure to submit its monthly remittance reports and contributions, consistent with

U.S. Department of Labor regulations strongly encouraging Funds like Plaintiffs to audit employers' payroll records to verify reporting accuracy.  Defendant will therefore be ordered to provide the outstanding remittance reports.

    An appropriate order will be entered.

                                              /s/ Gerald Austin McHugh
                                            United States District Judge